UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X
ANNABELLE WARD,

                        Plaintiff,                    MEMORANDUM & ORDER
                                                      10-CV-4154(JS)(WDW)
          -against-

MADELINE MORTIMER,

                        Defendant.
------------------------------------------X
APPEARANCES:
For Plaintiff:      Mark C. Kujawski, Esq.
                    Kujawski & Dellicarpini
                    1637 Deer Park Avenue
                    P.O. Box 661
                    Deer Park, NY 11729-0661

For Defendant:      No appearances.

SEYBERT, District Judge:

          On September 8, 2010, Plaintiff Annabelle Ward filed

suit against Defendant Madeline Mortimer.  Having reviewed the

Complaint, the Court must sua sponte dismiss it for lack of

subject matter jurisdiction.

DISCUSSION

          The  Complaint  purports  to  invoke  diversity

jurisdiction under 28 U.S.C. § 1332.  Compl. ¶ 1.  In this

regard, the Complaint alleges that Plaintiff "is a citizen of

the Shinnecock Indian Tribe and a resident of the Shinnecock

Indian reservation," while Defendant is a New York citizen.

Compl. ¶ 3.  Plaintiff apparently believes that, for diversity

purposes, a Native American residing on a reservation is only a

citizen of an Indian Tribe, and not a citizen of the state where the reservation is located. Plaintiff is wrong. The law is clear that, for diversity purposes, Native Americans residing on reservations are citizens of the state where the reservation is located.[1] Here, the Complaint pleads that Plaintiff resides that the Shinnecock Indian reservation. And the Court takes judicial notice that the Shinnecock Indian reservation is located in New York. It follows then that Plaintiff is a New York citizen for a diversity purposes, just like Defendant. So diversity jurisdiction is lacking, and the Court must sua sponte DISMISS. See Gause v. Chase Home Finance LLC, 09-CV-4886, 2010 WL 843945, at *2 (E.D.N.Y. 2010). The Clerk of the Court is directed to mark this matter as CLOSED.

SO ORDERED

_____/s/_____
Joanna Seybert, U.S.D.J.

Dated:    Central Islip, New York
          September  16, 2010

---

[1] Schantz v. White Lightning, 502 F.2d 67, 70 (8th Cir. 1974); Deere v. State of New York, 22 F.2d 851, 852 (N.D.N.Y. 1927); Bresette v. Buffalo-Reyes, 06-CV-338-C, 2006 WL 3017256, at *1 (W.D. Wis. 2006); Larson v. Martin, 386 F. Supp. 2d 1083, 1085-86 (D.N.D. 2005); Richardson v. Malone, 762 F. Supp. 1463, 1466 (N.D.Okl. 1991); 3E FED. PRAC. & PROC. JURIS. § 3622 (3d ed.); 32A AM. JUR. 2D FEDERAL COURTS § 623.